**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen L. BATES, Defendant– Appellant.**

**No. 02–2788.**

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2003.

Decided June 19, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Stephen Bates pleaded guilty to one count of possession with intent to distribute crack cocaine, and was sentenced to 108 months' imprisonment, five years' supervised release, a $1000 fine, and a $100 special assessment. Bates's counsel now moves for leave to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a non-frivolous issue for appeal. After examining counsel's *Anders* brief and the record in this case, we agree with counsel that the appeal is frivolous. Bates has not responded to counsel's brief, though he was given an opportunity to do so. *See* Cir. R. 51(a). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

The facts adduced at Bates's change-of-plea hearing, which he admitted were true, establish that in executing a search warrant on Bates's home, FBI agents found 7.737 grams of crack cocaine in his dresser drawer. When the agents questioned Bates, he admitted that the cocaine was to be sold, and that he regularly dealt cocaine. Bates was charged with one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B). Bates pleaded guilty to the charge in the indictment without a negotiated plea agreement.

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). The PSR indicated that Bates had a series of prior convictions yielding a criminal history score of 16, placing him in criminal history category VI. The probation officer recommended a base offense level of 26, based upon the 7.737 grams of crack cocaine, which was to be reduced by two points for acceptance of responsibility. Bates's attorney objected to the PSR, arguing that Bates should receive a third-point reduction under U.S.S.G. § 3E1.1(b)

because he pleaded guilty. At about the same time, Bates wrote a letter to the court claiming that he would have pleaded earlier if counsel had properly advised him of the advantages of a guilty plea. The district court did not directly respond to the letter, but sustained the objection and granted Bates the third-point reduction in his offense level. Consequently, Bates's resulting offense level of 23 and criminal history category of VI yielded a sentencing range of 92 to 115 months' imprisonment. The court sentenced Bates to 108 months' imprisonment.

Counsel first examines whether Bates might argue that the district court failed to comply with any of the requirements of Federal Rule of Criminal Procedure 11 before accepting Bates's plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Because Bates did not seek to withdraw his plea before the district court, we review the Rule 11 proceedings for plain error. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). In his *Anders* brief, counsel reviewed each of the requirements of Rule 11 and correctly concluded that the district court completed all of them but one. Specifically, the court did not inform Bates that it could depart from the guidelines in imposing his sentence. This omission could not be the basis of an appeal, however, because Bates's sentence does in fact fall within the guideline range and therefore it is at worst harmless error. *See* Fed.R.Crim.P. 11(h); *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002).

Counsel next examines whether Bates could argue that his trial counsel, Patrick Cafferty, rendered ineffective assistance by incorrectly advising him of the consequences of a guilty plea. Ordinarily, a trial record is insufficient to establish a claim of ineffective assistance, and therefore such claims are better reserved for

collateral review. *See Massaro v. United States,* —— U.S. ——, ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). The record is inadequate to determine with certainly whether any action taken by Cafferty was objectively unreasonable and caused prejudice to the defendant. *See United States v. Harris,* 230 F.3d 1054, 1059 (7th Cir.2000) (noting insufficient record to review inadequate assistance claim on direct appeal).

Finally, counsel considers whether Bates could make any argument on appeal related to his sentence. Based on the PSR, Bates's offense level of 23 and criminal history category of VI yielded a sentencing range of 92 to 115 months' imprisonment. The court sentenced Bates to 108 months' imprisonment. In correctly applying the guidelines, the district court imposed a sentence that was below the maximum sentence of 40 years for his crime of conviction. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sustained Bates's sole objection during the sentencing process and the third-point reduction that he requested for acceptance of responsibility. Further, he expressly agreed that the PSR correctly described the facts, and that his relevant conduct involved 7.737 grams of crack cocaine. As a result, Bates effectively forfeited all other challenges to his sentence, precluding appellate review. *See United States v. Scanga,* 225 F.3d 780, 783 (7th Cir.2000), *cert. denied,* 531 U.S. 1097, 121 S.Ct. 827, 148 L.Ed.2d 709 (2001).

For the reasons stated above, we GRANT counsel's motion to withdraw and DISMISS this appeal.